

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00004-CR

_____

DAVID SHAUN GATES, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 43rd District Court
Parker County, Texas
Trial Court No. CR21-0341

---

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

## I. Introduction

A jury found Appellant David Shaun Gates guilty of one count of continuous sexual abuse of a young child and one count of indecency with a child by contact and assessed his punishment at 38 years' confinement for the first count and 10 years' confinement for the second. The jury included a $1,000 fine with the indecency sentence.

The trial court entered judgment on the verdicts, set the sentences to be served concurrently, assessed court costs in the first count's judgment and the fine in the other, and entered an order to withdraw the costs and fine from Gates's inmate trust account. In two issues, Gates challenges the fine and court costs based on his indigence.[1] We affirm.

## II. Discussion

Gates complains that the trial court erred by imposing $1,350 (the fine; court costs; and miscellaneous, non-legal reimbursement) based on "conflicting pronouncements by the Trial Court and [his] indigency . . . at the time of sentencing." He asks this court to strike the $1,350 because of his indigence and because of the trial court's failure "to conduct an ability-to-pay inquiry on the record despite finding [him] indigent contemporaneous to sentencing."

---

[1]Because Gates does not challenge the sufficiency of the evidence to support his convictions, we will not discuss their underlying facts.

## A. Applicable law

When a defendant is fined, "the judgment shall be that the defendant pay the amount of the fine and all costs to the state." Tex. Code Crim. Proc. Ann. art. 42.15(a); *Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014) ("The Texas Code of Criminal Procedure requires that a judgment order a defendant to pay court costs."). If the punishment is other than a fine, the judgment shall specify it and order it enforced by the proper process; "[i]t shall also adjudge the costs against the defendant[] and order the collection thereof as in other cases." Tex. Code Crim. Proc. Ann. art. 42.16.

"Court costs are pre-determined, legislatively[]mandated obligations resulting from a conviction." *Houston v. State*, 410 S.W.3d 475, 477 (Tex. App.—Fort Worth 2013, no pet.); *see Salinas v. State*, 523 S.W.3d 103, 112 (Tex. Crim. App. 2017) (stating, as to costs, that "there is nothing inherently inappropriate about making the defendant pay a fee as a result of being convicted or otherwise suffering an adverse outcome in criminal proceedings"). Court costs are compensatory in nature and represent "a nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case." *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011) (quoting *Weir v. State*, 278 S.W.3d 364, 366 (Tex. Crim. App. 2009)). On the other hand, fines, which are punitive, are intended to be part of the convicted defendant's sentence. *Id.*; *see Anastassov v. State*, 664 S.W.3d 815, 823 (Tex. Crim. App. 2022) ("A fine is not a court cost or fee; it is part of the punishment.").

Article 42.15(a-1) is one of the statutes that governs imposing a fine and costs on a criminal defendant.[2] *See* Tex. Code Crim. Proc. Ann. art. 42.15(a-1). It requires the court to ask—on the record—whether the defendant can afford to immediately pay all or part of the assessments, stating,

> Notwithstanding any other provision of this article, during or immediately after imposing a sentence in a case in which the defendant entered a plea in open court . . . a court shall inquire on the record whether the defendant has sufficient resources or income to immediately pay all or part of the fine and costs. If the court determines that the defendant does not have sufficient resources or income to immediately pay all or part of the fine and costs, the court shall determine whether the fine and costs should be:
>
> (1) . . . required to be paid at some later date or in a specified portion at designated intervals;
>
> (2) discharged by performing community service . . . ;
>
> (3) waived in full or in part under Article 43.091 . . . ; or
>
> (4) satisfied through any combination of methods under Subdivisions (1)–(3).

*Id.*[3]

---

[2]The Legislature's 2017 addition to Article 42.15 applies "to a sentencing proceeding that commences before, on, or after" the September 1, 2017 effective date. Act of May 24, 2017, 85th Leg., R.S., ch. 977, §§ 4, 33, 38, 2017 Tex. Gen. Laws 3966, 3967, 3981 (amended 2019, 2021, and 2023) (current version at Tex. Code Crim. Proc. Ann art. 42.15).

[3]A defendant may waive the requirement for the Subsection (a-1) inquiry to be on the record. Tex. Code Crim. Proc. Ann. art. 42.15(a-2). The record does not reflect that the trial court explicitly conducted the Article 42.15(a-1) inquiry on the record or that Gates objected to its failure to do so, but Gates argues that he was not required to object to preserve his complaint about the fine's imposition or the lack of an explicit ability-to-pay inquiry. Based on our resolution below, we need not reach these

When imposing a fine and costs, subject to Article 43.091, the court may direct the defendant: (1) to pay the entire fine and costs when sentence is pronounced; (2) to pay the entire fine and costs at some later date; or (3) to pay a specified portion of the fine and costs at designated intervals. *Id.* art. 42.15(b). As referenced in Article 42.15, Article 43.091 states that a court may waive payment of all or part of a fine imposed on the defendant if it determines that (1) the defendant is indigent or does not have sufficient resources or income to pay all or part of the fine and (2) each alternative method of discharging the fine under Article 43.09[4] or 42.15 would impose an undue hardship on the defendant. *Id.* art. 43.091.

---

arguments. *See* Tex. R. App. P. 47.1. For purposes of this appeal, we will assume, without deciding, that preservation is not required. *See Cruz v. State*, No. 14-21-00454-CR, 2023 WL 3236888, at *4 (Tex. App.—Houston [14th Dist.] May 4, 2023, pet. granted) (identifying right to an ability-to-pay inquiry under Article 42.15(a-1) as a "category-two Marin right" that an appellant is not required to preserve for appeal through objection); *see also Sloan v. State*, 676 S.W.3d 240, 242 (Tex. App.—Tyler 2023, no pet.) (noting trial court's failure to strictly comply with Article 42.15(a-1) did not prevent the appellant from raising and developing his no-inquiry-on-the-record claim on appeal). Gates did not need to object to preserve his complaint about the imposition of court costs. *See Johnson*, 423 S.W.3d at 388.

[4]Article 43.09 provides for a defendant confined in a jail after conviction of a felony for which a fine is imposed to discharge the fine by working "in the county jail industries program, in the workhouse, or on the county farm, or public improvements and maintenance projects of the county or a political subdivision located in whole or in part in the county" or through confinement in jail "for a sufficient length of time to discharge the full amount of the fine and costs . . . at $100 for each day." Tex. Code Crim. Proc. Ann. art. 43.09(a). Such an arrangement is at the trial court's discretion. *Id.* art. 43.09(b).

**B. The record**

The record shows that Gates retained counsel, who represented him during the pretrial and trial proceedings, and then, at the punishment phase's conclusion, when Gates's retained counsel indicated that he would file a motion to withdraw, the trial court noted, "It's my understanding that [Gates] has or is about to fill out an application for court-appointed counsel." The trial court then stated to Gates, "If the Court finds you to be indigent, the Court will appoint appellate counsel for you."

In the judgments signed that day, under "Punishment Options," the trial court ordered, "*Upon release from confinement*, the Court ORDERS Defendant to proceed without unnecessary delay to the District Clerk's office, or any other office designated by the Court or the Court's designee, to pay or to make arrangements to pay any fines, court costs, reimbursement fees, and restitution due." [Emphasis added.] The trial court included $290 in court costs and $60 in "reimbursement fees (misc)" in the continuous-sexual-abuse judgment.[5] The indecency judgment included the $1,000 fine

---

[5]Based on the record's bill of cost, the $60 reimbursement covers the $10 bond fee under Code of Criminal Procedure Article 102.011(a)(5) and the $50 "Capias/Warrant Fee" under Code of Criminal Procedure Article 102.011(a)(2). *See* Tex. Code Crim. Proc. Ann. art. 102.011(a)(2), (5); *Johnson*, 423 S.W.3d at 388 (noting that most court costs are mandated by statute). The remaining $290 includes $185 in state consolidated court costs under Local Government Code Section 133.102(a)(1) and $105 in local consolidated court costs under Local Government Code Section 134.101. *See* Tex. Loc. Gov't Code Ann. §§ 133.102(a)(1), 134.101. Gates does not address whether these fees were properly assessed other than to argue that his indigence made them inapplicable; accordingly, we will address only his indigence-related issue. *See Houston*, 410 S.W.3d at 479 ("We decline to undertake a review of the correctness of each cost charged in the bill of costs when [the appellant]

assessed by the jury but no court costs. *See id.* art. 102.073(a) ("In a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant.").

The clerk prepared the bill of cost that day for $1,350. The bill of cost shows the same $1,350 amount reflected in the judgments and order to withdraw. Although the bill of cost warns that a time-payment fee "will be applied if the fine and court costs are not paid in full prior to the 31st day after the date of Judgment," the bill of cost itself does not reflect a time-payment-fee assessment. *See Dulin v. State*, 620 S.W.3d 129, 133 (Tex. Crim. App. 2021) (stating that an appeal's pendency stops the clock for purposes of the time-payment fee).

The next day, Gates filed a form affidavit of indigence and application for a court-appointed lawyer. In the form, Gates averred that he had three children who did not live with him, that he had no job because he was in jail, that his spouse had no job, that he was not receiving any public assistance, that he had no assets, that he had no expenses, and that he had not tried to hire a lawyer. His affidavit concluded with the statement, "If the court finds I am indigent, I request the appointment of a lawyer to represent me."

has not done so."); *see also Coronel v. State*, 416 S.W.3d 550, 556 (Tex. App.—Dallas 2013, pet. ref'd) ("[W]e note that in his original brief and his two post-submission objections to the bill of costs, appellant does not challenge the propriety or legality of the specific costs assessed; therefore, we do not address these issues.").

The trial court appointed appellate counsel "without reimbursement" but checked as the reason "it is in the interests of justice" instead of "defendant is indigent." However, the check-marked option also states, "Defendant *presently* has no financial resources to pay or contribute to the cost of legal services and related expenses." [Emphasis added.]

The trial court's order to withdraw lists $1,350 and states that funds should be withdrawn from Gates's inmate trust account because the court "finds that the offender is unable to pay the court costs, fees and/or fines *on this date*." [Emphasis added.] *See* Tex. Gov't Code Ann. § 501.014(e) (stating that on notification by a court, the Texas Department of Criminal Justice (TDCJ) "shall withdraw from an inmate's account any amount the inmate is ordered to pay by order of the court under this subsection"). The order to withdraw provides that funds should be withdrawn from Gates's inmate trust account in various percentages "until the total amount of the court costs, fees and/or fines are paid, *or the offender is released from confinement*." [Emphasis added.] *See* 58 Tex. Jur. 3d Penal and Correctional Institutions § 63 (2024) (explaining that TDCJ must take possession of all money the inmate receives during confinement and must credit that money in an account created for the inmate); Stephen Raher, *The Company Store and the Literally Captive Market: Consumer Law in Prisons and Jails*, 17 Hastings Race & Poverty L.J. 3, 10–11 (2020) (explaining that most money spent in prison comes from an incarcerated person's friends or family who can transfer money to the incarcerated recipient's inmate trust account); *see also Harrell v.*

8

*State*, 286 S.W.3d 315, 316 (Tex. 2009) (explaining that proceedings under Government Code Section 501.014(e) to recover court fees and costs assessed against an inmate are civil in nature and that due process is satisfied if the inmate receives notice and opportunity to be heard after funds are withdrawn).

## C. Analysis

Although Gates argues that we should reform the judgments to remove the fine and court costs based on "the conflicting pronouncements by the Trial Court," his indigence at the time of sentencing, and the lack of an explicit ability-to-pay inquiry, based on this record, the trial court's pronouncements did not conflict with Gates's indigence or the trial court's acknowledgments that Gates was financially unable to pay everything immediately when it signed the judgments and order to withdraw.

To the contrary, under Article 42.15(a-1), upon determining that Gates did not have sufficient resources or income to immediately pay all or part of his fine and costs, the trial court decided—as illustrated in the order to withdraw—that the fine and costs should be paid in a specified portion of designated intervals from Gates's inmate trust account until his release, at which point—as illustrated in the judgments—he would be required to proceed to the district clerk's office to make arrangements to pay the remaining fine, court costs, and reimbursement fees. *See* Tex. Code Crim. Proc. Ann. art. 42.15(a-1)(1), (b). The same order reflects the trial court's implicit determination not to waive the fine despite Gates's immediate lack of

9

resources—an issue left to the trial court's discretion. *See id.* art. 43.091(a)(1) ("A court *may* waive payment of all or part of a fine imposed on a defendant if the court determines that . . . the defendant is indigent or does not have sufficient resources or income to pay all or part of the fine." (emphasis added)).

Gates relies on *Cates v. State*, 402 S.W.3d 250 (Tex. Crim. App. 2013), and *Mayer v. State*, 309 S.W.3d 552 (Tex. Crim. App. 2010), to support his argument that his fine and costs should be removed. But in *Cates*, in which the indigent defendant was assessed a $5,000 fine and $1,039.75 in court-appointed attorney's fees, the Court of Criminal Appeals removed only the $1,039.75 in court-appointed attorney's fees from the order assessing court costs, and not the $5,000 fine. 402 S.W.3d at 251–52. Likewise, in *Mayer*, the court addressed only the impropriety of requiring an indigent defendant to pay court-appointed attorney's fees. 309 S.W.3d at 556 (noting that such fees under Article 26.05(g) are to be ordered to be paid as court costs). This is because attorney's fees are discretionary costs; "[a] mandatory cost is one *other than attorney's fees* that is a predetermined, legislatively mandated obligation imposed upon conviction." *Johnson*, 423 S.W.3d at 389 (emphasis added).

Neither *Cates* nor *Mayer* is on point because no attorney's fees—which are discretionary and governed by Code of Criminal Procedure articles separate from the ones before us, *see* Tex. Code Crim. Proc. Ann. arts. 1.051, 26.04–.05—have been assessed against Gates. *See Scroggin v. State*, No. 02-19-00096-CR, 2020 WL 479284, at *1 (Tex. App.—Fort Worth Jan. 30, 2020, no pet.) (mem. op., not designated for

publication) (explaining that *Mayer*'s language, in context, does not apply to other costs); *see also Slaven v. State*, Nos. 02-11-00297-CV to -305-CV, 2012 WL 5535603, at *4 (Tex. App.—Fort Worth Nov. 15, 2012, no pet.) (mem. op.) (noting in civil appeal challenging withdrawal-of-funds order that "a convicted defendant's indigency is not relevant to the amount of court costs assessed when those court costs do not include an obligation to pay court-appointed attorney's fees under code of criminal procedure article 26.05(g)").

Our sister courts agree that indigence does not prevent the imposition of statutorily mandated court costs. *See Osuna v. State*, No. 03-18-00239-CR, 2018 WL 3233733, at *11–12 (Tex. App.—Austin July 3, 2018, no pet.) (mem. op., not designated for publication) (concluding that the trial court had not erred by assessing court costs against the appellant despite his indigence based on the costs' legislative mandate and counting cases that agreed with that resolution from Corpus Christi–Edinburg, Beaumont, Texarkana, and Amarillo); *see also Stanberry v. State*, No. 07-23-00194-CR, 2023 WL 8470636, at *2 (Tex. App.—Amarillo Dec. 6, 2023, no pet. h.) (mem. op., not designated for publication) ("Because the court costs are properly collectable, regardless of Appellant's ability to pay now or in the future, we find no error in the assessment of costs."); *Amparan v. State*, No. 11-21-00162-CR, 2022 WL 17684377, at *4 (Tex. App.—Eastland Dec. 15, 2022, no pet.) (mem. op., not designated for publication) ("[I]ndigent criminal defendants, such as Appellant, are not excused from paying mandatory court costs."); *Ketchum v. State*, No. 08-22-

11

00114-CR, 2022 WL 16758491, at *3 (Tex. App.—El Paso Nov. 8, 2022, no pet.) (mem. op., not designated for publication) ("Our research has uncovered no authority precluding the imposition of court costs on indigent defendants. Rather, appellate courts have upheld imposing court costs on indigent defendants."); *Welch v. State*, 668 S.W.3d 54, 56 (Tex. App.—Waco 2022, order) ("A trial court is required to order appellant to pay mandatory court costs, which are those that are predetermined and legislatively mandated."). *But see Dority v. State*, 631 S.W.3d 779, 793–94 (Tex. App.—Eastland 2021, no pet.) (noting that while the Code of Criminal Procedure requires a convicted defendant to pay court costs that are predetermined and legislatively mandated, when a trial court clerk erroneously includes record-preparation fees as court costs, the court "should modify the bill of costs to remove the improperly assessed fees").

Further, Gates has failed to show that he was harmed by the trial court's lack of an express inquiry. *See Sloan*, 676 S.W.3d at 242. In *Sloan*, the court noted that under Rule 44.4(a), remanding for an Article 42.15(a-1) inquiry on the record would be appropriate only "if the trial court's erroneous action, failure, or refusal to act prevents the proper presentation of the case" to the appellate court, such as when a trial court erroneously withholds information necessary to evaluate a defendant's claim on appeal (like failing to file required fact findings) or erroneously prevents the appellant from submitting information necessary to evaluate his claim (like by refusing to permit an offer of proof), *id.* at 241, none of which has happened here. The *Sloan*

12

court concluded from the judgment's language about payment "upon release from confinement" that the trial court had implicitly determined that the appellant did not have sufficient resources to immediately pay all or part of his fine and court costs. *Id.* at 242.[6]

Because the record here reflects that the trial court did not abuse its discretion by imposing the fine and court costs on Gates and that Gates was not harmed by the trial court's failure to hold an express ability-to-pay inquiry, *see id.*, we overrule both of his issues.

### III. Conclusion

Having overruled both of Gates's issues, we affirm the trial court's judgments.

---

[6]The *Sloan* court also noted that if, upon his release, the appellant was unable to pay the fine and court costs, he could then seek relief from the trial court at that time under Article 43.035(a) and (c). 676 S.W.3d at 242 n.2. Article 43.035 allows the trial court to revisit whether the judgment's fine and costs impose an undue hardship and whether they should be satisfied through "one or more methods listed under Article 42.15(a-1)" if the defendant notifies the court of his difficulty paying the fine and costs. Tex. Code Crim. Proc. Ann. art. 43.035(a), (c). This option is available to Gates upon his release. *See id.*; *see also* Act of May 21, 2019, 86th Leg., R.S., ch. 1352, §§ 3.03, 3.16, 2019 Tex. Gen. Laws 3981, 4015–16, 4019 (current version at Tex. Code Crim. Proc. Ann. art. 43.035) (adding Article 43.035 and providing that it applies "to a [defendant's] notification received by a court on or after the effective date of this Act, regardless of whether the judgment of conviction was entered before, on, or after the effective date of this Act").

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  February 8, 2024